People v Compres-Moreno (2025 NY Slip Op 05470)

People v Compres-Moreno

2025 NY Slip Op 05470

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Ind. No. 68/19|Appeal No. 4887|Case No. 2019-04665|

[*1]The People of the State of New York, Respondent,
v
Cristian Compres-Moreno, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Frank Xiao of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered May 29, 2019, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, and sentencing him to three years probation and a $500 fine, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The plea court's colloquy with defendant, taken together with the written appeal waiver that defendant signed after it was translated into Spanish for him and after consulting with counsel, established a knowing, intelligent, and voluntary waiver. To the extent that the court's colloquy suggested that the waiver foreclosed "all possible challenges to the conviction," it was corrected by the written waiver, which clarified that the waiver of appeal did not apply to certain issues (People v Walker, 206 AD3d 541, 541 [1st Dept 2022], lv denied 38 NY3d 1191 [2022]).
The waiver forecloses review of defendant's suppression claims (see People v Guerrero, 200 AD3d 432, 432 [1st Dept 2021], lv denied 38 NY3d 950 [2022]). As an alternative holding, defendant's claim is unpreserved since he failed to alert the court "to the fact that it had overlooked one aspect of his motion, thereby acquiesc[ing] in the lack of a ruling" (People v Harley, 253 AD2d 699, 699 [1st Dept 1998], lv denied 92 NY2d 1032 [1998]), and we decline to review it in the interest of justice. In any event, we find his argument unavailing (see e.g. People v Maldonado, 221 AD3d 546, 546-547 [1st Dept 2023], lv denied 42 NY3d 939 [2024], lv denied 43 NY3d 945 [2025]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025